DIME SAVINGS INSTITUTION OF PLAINFIELD

*v.*

BARNABAS T. MULFORD and others.

Bill to foreclose.   Defence, usury.—*Held,* that where the lender is a corporation, and the agent in making the loan is its officer, and it is shown that a premium was paid to the latter for the loan in pursuance of a contract made by him with the borrower in the name of and for the corporation, it must be assumed, in the absence of proof to the contrary, that the premium was paid to and received by the corporation.

Bill to foreclose.   On final hearing on pleadings and proofs.

*Mr. E. W. Runyon,* for complainant.

*Mr. W. B. Maxson,* for defendant.

THE CHANCELLOR.

The defence of usury is set up to the mortgage in suit. It is alleged that the complainants received, in addition to an agreement for lawful interest, a premium of five per cent. on the making of the loan, which was $5,000.   The premium was received by Elias R. Pope, who was the secretary and treasurer of the institution, and, as is admitted, acted for it in making the loan.   The payment of the premium was made by the treasurer a condition of the making of the loan.   Though he received the premium, it does not

appear that he received it on his own account; nor, on the other hand, does it appear that it was not received by the institution. All, it is said, of the members of the "board of investment" were sworn, and they all testify that they knew nothing of the taking of the premium. They also say that it was understood that no premium should be taken upon the loans made by the institution. But still it does not appear that the premium paid to Mr. Pope was not, in fact, received by the institution. He was, when the loan was made, a manager, as well as secretary and treasurer of the institution. He is still secretary and treasurer of it, and, perhaps, also a manager. He could have told whether the premium was received by the institution or not. He was not called as a witness, however, and no reason is given for not doing so. Indeed, there appears to be none.

In such a case as this, where a premium has been taken on a loan by a corporation, and it is made part of the bargain, by its financial agent acting for it in the matter, that a premium shall be paid for the loan, it should, in order to save the institution from the consequences of the usury law, appear, affirmatively, that the premium was not received by itself, but, if received by its agent, was for his own benefit alone. In *Muir v. Newark Savings Institution, 1 C. E. Gr. 537*, there was not only no evidence that the treasurer had any authority from the institution to receive the premium, or that the other members of the funding committee, by whose concurrence the loan was made, had any knowledge of the transaction, but it was proved that they were ignorant of it, and that no part of the premium went into the funds of the institution. In that case, it may be remarked, the treasurer was dead when the suit was brought. On the evidence in this case, I can not say that the premium was received by the treasurer for his own private benefit. In the absence of testimony to the contrary, the presumption is the other way—that he acted for the institution in receiving it.

Harrall's Case.

It is insisted, in the brief of counsel on the part of the complainant, that, in such a case as this, the burden of proof is upon the defendant; that it is incumbent upon him to show not only that a premium was taken, but that it was received by the lender. The position is untenable. Where the lender is a corporation and the agent is its officer, and it is shown that the premium was paid to the latter in pursuance of a contract for the loan made by him, in the name of and for the corporation, in the absence of proof, to the contrary, it must be assumed that the premium was paid to and received by the corporation. In this case, it would seem that it would have been extremely easy to show that the premium was not received by the institution if such was, indeed, the fact. The testimony of the managers that they knew nothing of the taking of the premium, and that it was understood that the institution took none on its loans, was manifestly of but little value, compared with the testimony of the official by whom the loan was made, and who knew who received the money. Had he sworn that the premium was not received by the institution, the defence would have failed. In the absence of his testimony, it must be sustained. It may be added, that it would seem that, if the premium was not received by the institution, it would not have been difficult to show it by the books.